UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | |
| v.  § | No.  1:24-MJ-00283-ML |
| § | |
| **(1) DALTHA RAY TERRELL,** § | |
| *Defendant* § | |

# ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have considered the evidence and proffers presented during the hearing, the pleadings on file, the recommendation of Pretrial Services, and the four factors set out in the Bail Reform Act, 18 U.S.C. § 3142(g). In light of all of this, I find that the record establishes by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The reasons for my decision include:

- the nature and circumstances of the offense charged, in particular, possession with intent to distribute a controlled substance (here, fentanyl);

- the weight of the evidence against the person, including evidence obtained from controlled buys of fentanyl pills from Defendant, evidence of fentanyl pills and firearms obtained from Defendant's car in March 2023 and residence in May 2024, evidence obtained from Defendant's phone and the phone of at least one of his customers (who is alleged to have fatally overdosed on fentanyl Defendant sold him) and testimony from the girlfriend of this customer tying fentanyl purchases to Defendant;

- the history and characteristics of the person, including his lack of recent legitimate employment; his history relating to drug abuse; his criminal history, including multiple drug- and firearm-related convictions; and the

- fact that at the time of the current offense and arrest, Defendant was on release pending trial for an offense under State law;

- the nature and seriousness of the danger to any person or the community that would be posed by the person's release, including his continued and apparently extensive dealing of fentanyl and his possession of multiple firearms in his residence at the time of his arrest on this offense (including a Glock pistol with an extended magazine and illegally modified to fire automatically); and

- finally, the operation of the presumption in 18 U.S.C. § 3142(e)(3) that detention is needed because the crime charged is a narcotics offense for which the maximum penalty is ten years or more (which, even when rebutted, remains as a factor for the Court's consideration).

This record establishes by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

**DIRECTIONS REGARDING DETENTION**

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SIGNED June 12, 2024.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE